## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SHERRELL GARY BRINKLEY,**

**Petitioner,**

**v.**                                                      **CASE NO. 23-3047-JWL**

**TOMMY WILLIAMS,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kansas prisoner Sherrell Gary Brinkley. On February 17, 2023, the Court entered an order directing Petitioner to show cause, in writing, why this matter should not be dismissed because the only grounds for relief asserted were rejected by the state courts on procedural grounds. (Doc. 6.) The matter comes before the Court on Petitioner's response, filed March 10, 2023. (Doc. 7.)

### Background

In 1993, a Kansas jury convicted Petitioner of first-degree murder. *See State v. Brinkley*, 256 Kan. 808, 808 (1995) (*Brinkley I*); *Brinkley v. State*, 2021 WL 5992106, *1 (Kan. Ct. App. Dec. 17, 2021) (unpublished) (*Brinkley II*), *rev. denied* Nov. 23, 2022. Petitioner appealed to the Kansas Supreme Court (KSC), which affirmed his conviction but vacated his sentence and remanded for resentencing. *Id.* at 824. By the time of the KSC's ruling, however, Petitioner was serving a federal sentence outside of Kansas; he was not returned to Kansas for resentencing until June 2017. *Brinkley II*, 2021 WO 5992106, at *1-2.

In August 2017, Kansas resentenced Petitioner to one term of life imprisonment and he was returned to federal custody. In October 2017, when Petitioner finished serving his federal

sentence, he was released from federal custody into the custody of the Kansas Department of Corrections. *Id.* Although Petitioner had timely appealed his state sentence, he voluntarily dismissed the appeal in January 2018 before any briefs were filed.

Shortly thereafter, he filed a motion seeking state habeas relief under K.S.A 60-1507, which the district court denied after a nonevidentiary hearing. *Id.* Petitioner pursued an appeal and, on December 17, 2021, the Kansas Court of Appeals (KCOA) affirmed the denial. The KSC denied Petitioner's subsequent petition for review on November 23, 2022.

On February 15, 2023, Petitioner filed his federal habeas petition, asserting three grounds for relief. (Doc. 1.) He contends (1) Kansas lacked jurisdiction to resentence him because it did not follow the correct procedural avenue to obtain temporary custody of him for the 2017 resentencing hearing; (2) his due process rights were violated by the 22-year delay in his resentencing; and (3) his state and federal prosecutions violated the constitutional prohibition against double jeopardy. *Id.* at 5-6, 8. Plaintiff does not articulate what relief he seeks. *Id.* at 14.

### Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the Court does not act as Petitioner's advocate; it will not construct arguments for him, nor will it search the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

After conducting the required Rule 4 review, the Court issued a Notice and Order to Show Cause (NOSC) explaining to Petitioner that "'[a] threshold question that must be addressed in

every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). The NOSC acknowledged that Petitioner raised the actions now asserted in his federal habeas petition by arguing them to the KCOA during his 60-1507 proceeding and, because the KCOA denied relief, the claims in this matter are exhausted. (Doc. 6, p. 4 (citing *Brinkley II*, 2021 WL 5992106, at *2).) The NOSC further noted, however, that if a "claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court usually will not consider the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). (Doc. 6, p. 4-5.)

The KCOA opinion reflects that it denied relief on the relevant arguments because of adequate and independent procedural rules, namely that the arguments were procedurally barred in a proceeding brought under K.S.A. 60-1507. (*Id.* at 5-6.) Thus, the NOSC explained, Petitioner's claims in this federal habeas matter are considered procedurally defaulted. This Court cannot consider the merits of procedurally defaulted claims unless the petitioner either (1) shows cause and prejudice or (2) demonstrates that a fundamental miscarriage of justice will occur if the Court does not consider his claims. *Id.* at 6-7. The NOSC therefore directed Petitioner to show cause why this matter should not be dismissed since all of his claims are procedurally defaulted. As noted above, Petitioner timely filed his response to the NOSC on March 10, 2023. (Doc. 7.)

## Analysis

In his response, which the Court liberally construes due to Petitioner's pro se status, Petitioner first alleges that he received ineffective assistance of counsel from the attorney who represented him during his resentencing and direct appeal. (Doc. 7, p. 1, 4.) Specifically, Petitioner asserts that he brought what he calls his jurisdictional issue to his attorney's attention, but the attorney did not pursue it, continually requested postponement of the resentencing hearing, did not

inform Petitioner that he filed a notice of appeal, and eventually quit representing Petitioner without notification or explanation of why no brief was filed. *Id.* at 1-2. Thus, Petitioner asserts that he has shown the required "cause and prejudice" to overcome the barrier posed by his procedural default: the cause was the ineffective assistance of counsel and the prejudice is that counsel's incompetence deprived Petitioner of his appellate rights and the opportunity to raise the jurisdictional argument. *Id.* at 4.

To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Although ineffective assistance of counsel may, under certain circumstances, constitute cause that excuses a procedural default, the United States Supreme Court has explained that "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).

In the context of the present case, this means that for Petitioner to use the ineffective assistance of counsel as cause to excuse his procedural default, he must have presented the ineffective assistance of counsel claim to the state courts. There is no indication that Petitioner has ever raised an argument to the state courts that he received unconstitutionally ineffective assistance

4

of counsel from the attorney who represented him during his resentencing and the subsequent appeal. Thus, Petitioner has not shown the type of cause required to overcome the procedural default of the claims in this matter. Because he has not shown sufficient cause, the Court need not address Petitioner's arguments regarding prejudice.

A procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In his response, Petitioner does not assert that he is entitled to the manifest injustice exception, nor does he make a colorable showing of actual innocence. (Doc. 7.) Rather, he argues that under Kansas law, jurisdiction may be raised at any time. *Id.* at 2. This argument can be liberally construed as asserting that the KCOA erred in finding Petitioner's jurisdictional argument was procedurally barred in a 60-1507 proceeding.[1] The Tenth Circuit has held, however, that "[a] federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." *Finlayson v. State*, 6 F.4th

---

[1] The Court notes that the KCOA opinion treated Petitioner's "jurisdiction" argument as attacking the procedures by which he was returned to Kansas for resentencing, not as a true jurisdictional argument.

1235, 1240 n.6 (10th Cir. 2021); *see also Prater v. Blood*, Case No. 22-4024 (10th Cir. Dec. 8, 2022) (unpublished) ("When a state court dismisses a claim on state-procedural-law grounds, federal courts do not evaluate the correctness of the state court's procedural ruling.") (citations omitted).

Petitioner also argues that when Kansas took custody of him and brought him back to Kansas for resentencing, the officials involved violated federal statutes, Kansas law, and the Supremacy Clause of the United States Constitution. (Doc. 7, p. 2-3.) But these arguments go to the merits of Ground One in the current federal habeas petition. Because Ground One is procedurally defaulted, the Court cannot consider its merits unless Petitioner shows either cause and prejudice or that a fundamental miscarriage of justice will occur if the Court does not consider them. Petitioner may not overcome the prohibition against consideration of a procedurally defaulted claim merely by presenting additional argument that the claim is meritorious.

In summary, Petitioner does not dispute that the three grounds for relief he asserts in this federal habeas matter are procedurally defaulted. He asserts that cause for the default is attributable to the ineffective assistance of counsel, but he has not raised and exhausted in the state courts that claim of ineffective assistance of counsel, as he must do before asserting it as cause for the procedural default of another claim. In addition, Petitioner has not made a colorable claim of actual innocence, as is required to demonstrate that a manifest injustice will occur if the Court does not consider the merits of the procedurally defaulted claims. Accordingly, the Court may not consider the merits of the procedurally defaulted claims. Since all three of the asserted grounds for relief in the current petition are procedurally defaulted, Rule 4 requires the Court to dismiss this matter because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C.A. foll. § 2254.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 13th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge