IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHERRELL GARY BRINKLEY,**

                               **Petitioner,**

      v.                                                                                      **CASE NO. 23-3047-JWL**

**TOMMY WILLIAMS,**

                               **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's motion for certificate of appealability.[1] (Doc. 11.) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court denied a certificate of appealability when it entered its final order adverse to Petitioner. (Doc. 8.) That order dismissed this matter because all of the grounds for relief asserted in the operative petition were procedurally defaulted—because the state courts held it was procedurally improper for Petitioner to raise the arguments in a K.S.A. 60-1507 proceeding, which is the only time Petitioner did so in the state courts—and Petitioner had failed to make the required showing that would allow this Court to nevertheless consider the merits of the claims. *Id.* In deciding that the claims were procedurally defaulted, the Court noted that the state courts had held the claims could not properly be raised in a K.S.A. 60-1507 proceeding and that this Court does not review state courts' decisions that are based on state law.

For this Court to issue a certificate of appealability, Petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner now asserts that this Court misunderstood the question before it. Petitioner states: "The question is not whether the state properly applied its

---

[1] The Court notes that the first paragraph of Petitioner's motion could be construed to indicate that Petitioner intended to file this motion for consideration by the Tenth Circuit Court of Appeals. If that is accurate, Petitioner must resubmit the motion directly to the Tenth Circuit for filing. This Court will, however, liberally construe the pro se motion before it and consider it as a request for reconsideration of the Court's previous denial of a certificate of appealability.

own law, the question is did the Federal Bureau of Prisons violate the United States Constitution's Supremacy clause by accepting an illegal Kansas procedural document." (Doc. 11, p. 1-2.)

As the Court has previously explained, a threshold question in a federal habeas matter is whether the petitioner properly exhausted his or her claims in state court. In other words, the Court must address exhaustion before reaching the question of whether the Federal Bureau of Prisons acted improperly. Here, Petitioner raised his claims to the state courts only in a manner that was procedurally barred by state law. (*See* Doc. 8, p. 2-3.) Thus, this Court cannot consider the same claims, now raised in the context of this federal habeas action, unless Petitioner shows cause for the default and prejudice or Petitioner shows that a fundamental miscarriage of justice will occur if the Court does not consider the claims. *Id.* at 3. Although given the opportunity, Petitioner did not do so. *Id.* at 3-6.

The Court has carefully considered the arguments Petitioner makes in his motion for certificate of appealability and maintains its prior conclusion that there are no grounds to grant a certificate of appealability in this matter. Even liberally construing the motion, as is appropriate since Petitioner proceeds pro se, the Court is not persuaded that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings.

**IT IS THEREFORE ORDERED** that Petitioner's motion for certificate of appealability (Doc. 11) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 27th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge